UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15cv82-FDW

| CHAZTANIOUS BLACKBURN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| TIMOTHY MCKOY, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Chaztanious Blackburn's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's "Application to Proceed in District Court Without Prepaying Fees and Costs." (Doc. No. 2.)

**I.   BACKGROUND**

According to the instant Petition, Petitioner pled guilty in the Superior Court of Catawba County on August 7, 2001 to one count of assault with a deadly weapon on a government official. (Pet. 1, Doc. No. 1.)[1] He was sentenced to 20-24 months incarceration. (Pet., supra.) Petitioner did not file a direct appeal. (Pet., supra, at 2.) He completed his sentence and was released from prison on November 24, 2002. N. C. Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (last visited July 29, 2015).

On January 12, 2006, Petitioner was found guilty after a trial by jury of possession with intent to sell cocaine, selling cocaine, and attaining the status of habitual felon. (Pet., supra, at 1-

---

[1] Page numbers in citations to documents filed in this case are those generated by the district court's electronic filing system.

1

2); N. C. Dep't of Pub. Safety Offender Pub. Info., supra. He received two consecutive 120-153 month sentences, the first of which he currently is serving.

On or about November 16, 2012, Petitioner filed a Motion to Withdraw Guilty Plea and a Motion for Appropriate Relief ("MAR") in the Superior Court of Catawba County; they were denied by administrative order on November 26, 2012. (Order Den. MAR 5, Doc. No. 1-1.) Petitioner subsequently filed a document titled "Notice of Appeal" in the Catawba County Superior Court. (Order Den. MAR, supra.) In it, he claimed that trial counsel was ineffective for advising him to plead guilty in 2001 to assault with a deadly weapon on a government official. (Pet., supra, at 3.) On December 14, 2012, the Catawba County Superior Court struck Petitioner's filing on jurisdictional grounds. (Order Den. MAR, supra, at 6.) Thereafter, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, which, according to the Petition, was denied. (Pet., supra, at 3-4.)

Petitioner filed the instant § 2254 Petition on June 17, 2015. In it, he claims that trial counsel was ineffective for advising him to plead guilty in 2001 to assault with a deadly weapon on a government official. (Pet., supra, at 5.) Petitioner also filed an "Application to Proceed in District Court Without Prepaying Fees and Costs." (Doc. No. 2.)

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

## III. DISCUSSION

### A. Application to Proceed in District Court Without Prepaying Fees and Costs

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave by the court to proceed without prepayment of fees and costs. In addition to filing an affidavit of indigency, see 28 U.S.C. § 1915(a)(1), a prisoner seeking to proceed in a § 2254 action without prepayment of fees is required to submit "a certified copy of the trust fund account statement (or the institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint," § 1915(a)(2). The provisions of 28 U.S.C. § 1915(a)(2) are mandatory.

Although Petitioner has filed an affidavit of indigency (Doc. No. 2), he has failed to file the required certified copy of his trust fund account statement. Therefore, his "Application to Proceed in District Court Without Prepaying Fees and Costs" shall be denied.

### B. Jurisdiction

The "Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996" gives the district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a). The Supreme Court has interpreted that language to require the habeas petitioner be in custody under "the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curium) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). Once the sentence imposed for a conviction has completely expired, an individual is no longer "in custody" for the purpose of a habeas attack upon that conviction or sentence. See Maleng, 488 U.S. at 492.

Petitioner seeks to have his August 7, 2001 conviction for assault with a deadly weapon on a government official vacated on the grounds that his trial counsel rendered ineffective assistance when she advised him to plead guilty. As noted, Petitioner's 20 to 24 month sentence for that conviction expired on November 24, 2002. See N. C. Dep't of Pub. Safety Offender Pub. Info., supra. Consequently, Petitioner was not "in custody" under his August 7, 2001 conviction when he filed the instant § 2254 habeas petition; he was in custody under his January 12, 2006 judgment for having attained habitual felon status. See N. C. Dep't of Pub. Safety Offender Pub. Info., supra. Thus, this Court does not have jurisdiction to consider the constitutionality of Petitioner's 2001 conviction for assault with a deadly weapon on a government official, see Maleng, 488 U.S. at 492, and the Petition must be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**;

2) Petitioner's "Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. No. 2) is **DENIED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 3, 2015

Frank D. Whitney
Chief United States District Judge